IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEX WRIGHT, both                        3:15-CV-02058-BR
individually and, in
addition, on behalf of other            OPINION AND ORDER
similarly situated employees,

      Plaintiff,

v.

SPECIAL LOGISTICS PORTLAND,
LLC, a Texas limited
liability company, and
PEOPLEASE LLC, a South
Carolina limited liability
company,

      Defendants.


JON M. EGAN
547 Fifth Street
Lake Oswego, OR 97034-3009
(503) 697-3427

      Attorney for Plaintiff

SEAN P. RAY
Barran Liebman LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204
(503) 228-0500

      Attorneys for Defendant Special Logistics Portland, LLC

1 - OPINION AND ORDER

CLARENCE M. BELNAVIS
Fisher & Phillips, LLP
111 S.W. Fifth Avenue
Suite 4040
Portland, OR 97204
(503) 242-4262

   Attorneys for Defendant Peoplease LLC

**BROWN, Judge.**

   This matter comes before the Court on the Motion (#11) of
Defendant Special Logistics Portland, LLC (SLP) to Set Aside
Default.  For the reasons that follow, the Court **GRANTS** SLP's
Motion and sets aside the Order of Default (#8) entered against
SLP on January 11, 2016.


<u>BACKGROUND</u>

   Plaintiff was employed by Defendant SLP at some point before
October 30, 2015.  SLP is a Texas LLC operating as a freight-
delivery service and owned by Al LaRose and Greg Back.

   On October 30, 2015, Plaintiff Alex Wright filed an
Individual Class and Collective Action Allegation Complaint in
this Court against SLP and Defendant Peoplease, LLC, in which
Plaintiff alleged Defendants failed to pay him minimum wages in
violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206
and Oregon law; failed to pay Plaintiff wages on termination in
violation of Oregon law; and made unlawful deductions from
Plaintiff's paycheck in violation of Oregon law.

2 - OPINION AND ORDER

On December 10, 2015, Plaintiff served SLP's Registered Agent, Gregory Back, at his office by leaving a copy of the Complaint and Summons with Sheryl England, Terminal Manager and person authorized to accept service on behalf of Back.  Decl. of Jon Egan, Ex. 2 at 1.  SLP did not file a responsive pleading to the Complaint.

On January 11, 2016, the Court entered an Order of Default against SLP for failure to file a responsive pleading within 20 days of service of the Complaint and Summons.

On February 24, 2016, SLP filed a Motion to Set Aside Default in which it requests the Court to set aside the Order of Default entered against SLP.  The Court took SLP's Motion under advisement on March 29, 2016.

## STANDARDS

The court has discretion to set aside an order of default for "good cause."  Fed. R. Civ. P. 55(c).  *See also Brandt v. Am. Bankers Ins. of Fl.*, 653 F.3d 1108, 1111-12 (9th Cir. 2011)("In short, [whether to set aside a default] is committed to the discretion of the district courts.").  "The court's discretion is especially broad [when], as here, it is entry of default that is being set aside, rather than a default judgment."  *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

"To determine good cause, a court must 'consider[ ] three

3 - OPINION AND ORDER

factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)(quoting *Franchise Holding II, LLC v. Huntington Restaurants Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. (citing *Franchise Holding II*, 375 F.3d at 925). The party seeking to set aside the order of default bears the burden to show good cause. *Franchise Holding II*, 375 F.3d at 926.

"Crucially . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (quotation omitted). When deciding whether to vacate a order of default the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). *See also Precision Glassworks, Inc. v. Ghannam,* No. 15-cv-03227-HSG, 2016 WL 2641475, at *1 (N.D. Cal. May 10, 2016)

4 - OPINION AND ORDER

(same).  To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default.  *O'Connor*, 27 F.3d at 364.

## DISCUSSION

SLP does not allege it was improperly or untimely served. Instead, SLP moves to set aside the entry of default on the grounds that it did not engage in culpable conduct that led to the default, it has a meritorious defense, and Plaintiff will not be prejudiced by the setting aside of the entry of default.

## I.    Culpable Conduct

SLP alleges it did not engage in culpable conduct that led to the default.  Specifically, Plaintiff notes SLP was not represented by counsel and did not have in-house counsel on December 10, 2015, when Plaintiff served the Complaint and Summons on Gregory Back, SLP then believed it was still engaged in settlement negotiations with Plaintiff's counsel, and SLP did not take note that it was required to file a responsive pleading in order to avoid default.  Plaintiff asserts it was only on February 18, 2016, after Plaintiff's counsel called Sheryl England to request information as to Plaintiff's dates of employment that SLP realized the matter had moved forward.

On February 18, 2016, LaRose sent the Summons and Complaint to an attorney, Gary Sarles.  When Sarles received the Complaint

and Summons, he searched PACER and found this action and the
entry of default.  Sarles immediately notified SLP of the default
and began working to retain local counsel to file a motion to set
aside the entry of default.

Plaintiff asserts SLP engaged in culpable conduct when it
failed to file a responsive pleading to the Complaint
notwithstanding the fact that SLP was not represented by counsel
at the time Plaintiff served the Summons and Complaint on Back.
Specifically, Plaintiff notes although the parties had been
engaging in settlement negotiations for a period of months, on
November 27, 2015, Plaintiff's counsel advised SLP via email:

> Your company has until Wednesday, December 2 to
> waive formal service of process in this case.  If
> you don't, I will have to formally serve the
> company with summons, which will officially
> commence the case and give you 20 days to file a
> formal answer (which will require a lawyer). . . .
> Any offers and counteroffers that you and I have
> made in these back-and-forth emails will no longer
> exist if and when I have to go ahead and serve
> you.

Egan Decl., Ex. 10 at 2.  In addition, the Summons served on Back
stated in relevant part:

> A lawsuit has been filed against you.  Within 21
> days after service of this summons on you (not
> counting the day you received it) - or 60 days if
> you are the United States or a United States
> agency, or an officer or employee of the United
> States described in Fed. R. Civ. P. 12 (a)(2) or
> (3) -you must serve on the plaintiff an answer to
> the attached complaint or a motion under Rule 12
> of the Federal Rules of Civil Procedure. The
> answer or motion must be served on the plaintiff
> or plaintiff's attorney, whose name and address

6 - OPINION AND ORDER

are:

Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

If you fail to respond, judgment by default will
be entered against you for the relief demanded in
the complaint.  You also must file your answer or
motion with the court.

Egan Decl., Ex 1 at 20.

On this record the Court finds SLP had notice of the action
and reasonably should have known it was required to file a
response, and, as a result, this factor weighs against setting
aside the entry of default.  This Court notes that, nevertheless,
courts have exercised their discretion to forgive an
unrepresented defendant's mistake of law when that defendant has
a meritorious defense and setting aside the default will not
prejudice the plaintiff.

## II. Meritorious Defense

To satisfy the meritorious defense element, "[a] defendant
seeking to vacate a default judgment must present specific facts
that would constitute a defense." *Mesle*, 615 F.3d at 1094.  The
burden to show a meritorious defense in support of a motion to
set aside default "is not extraordinarily heavy."  *Id*.  A
defendant need only "allege sufficient facts that, if true, would
constitute a defense."  *Id*.

In its proposed Answer SLP has asserted various affirmative

defenses including waiver/estoppel.  Specifically, SLP alleges Plaintiff did not report any time worked on March 22, 2015, even though Plaintiff was required to perform a "dry run" of his route and to report for a drug test on that day.  In addition, SLP asserts Plaintiff did not turn in his logs reporting the hours he worked on March 26 and 27, 2015, in time to have the hours he worked on those days included in his first paycheck.  SLP points out that in the Terms of Employment Agreement signed by Plaintiff, he specifically acknowledged and agreed that "[f]ailure to turn in paperwork on time . . . or failure to turn in hours as required, will result in a delay in payment."  Decl. of Michael Patton, Ex. B at 2.

The Court concludes SLP has alleged facts that, if true, may constitute a defense.  This factor, therefore, weighs in favor of setting aside the entry of default.

## III. Prejudice

"[P]rejudice exists [when] a plaintiff's 'ability to pursue [their] case will be hindered.'"  *Precision Glassworks*, 2016 WL 2641475, at *2 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner,* 532 U.S. 141, 147 (2001)).  A delay "'must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion' for the setting aside of

default to be prejudicial to the plaintiff." *Precision Glassworks*, 2016 WL 2641475, at *2 (quoting *TCI Group*, 244 F.3d at 701).

Plaintiff does not allege any specific prejudice that would result if the Court set aside the entry of default, and this Court does not find any. This factor, therefore, weighs in favor of setting aside the entry of default.

As noted, default "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Franchise Holding II*, 375 F.3d at 926. (quotation omitted). The Court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Stone*, 794 F.2d at 513. Whenever possible, the Court must resolve any doubt regarding whether to grant relief in favor of vacating default. *O'Connor*, 27 F.3d at 364.

On balance the Court concludes on this record that there is some possibility that the outcome of this action after a full trial could be contrary to the result achieved by the default. Accordingly, the Court, in the exercise of its discretion, grants SLP's Motion and sets aside the Default Order against SLP in this matter.

9 - OPINION AND ORDER

### CONCLUSION

For these reasons, the Court **GRANTS** SLP's Motion (#11) to Set Aside Default and **SETS ASIDE** the Order of Default (#8) entered against SLP on January 11, 2016.  SLP's response to Plaintiff's Complaint is due **no later than May 20, 2016**.

The Court **DIRECTS** the parties to confer and to file **no later than May 31, 2016**, a jointly proposed case-management schedule. The Clerk will set a Rule 16 conference with counsel at their convenience after June 8, 2016.

IT IS SO ORDERED.

DATED this 16th day of May, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge