IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEX WRIGHT, both individually and, in addition, on behalf of other similarly situated employees,<br><br>              Plaintiff,<br><br>              v.<br><br>SPECIAL LOGISTICS PORTLAND, LLC, a Texas limited liability company, and PEOPLEASE LLC, a South Carolina limited liability company,<br><br>              Defendants. | Case No. 3:15-cv-02058-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

      Plaintiff Alex Wright ("Plaintiff") filed an Individual Class and Collective Action Allegation Complaint against Defendants Special Logistics Portland, LLC ("SLP") and Peoplease, LLC ("Peoplease"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Oregon state wage and hour laws. (Compl. ¶¶ 19-33.) On April 8, 2017, Plaintiff and Peoplease filed a joint motion to certify a settlement class and collective, pursuant to Federal Rule of Civil Procedure 23(b)(3) and FLSA, and to approve preliminarily the parties' Settlement and Release Agreement. (ECF No. 53.) On April 14, 2017, Plaintiff filed a separate

PAGE 1 – FINDINGS AND RECOMMENDATION

motion to certify a Rule 23 class in his action against SLP. (ECF No. 58.) SLP opposed that motion. (ECF No. 60.)

This Court filed its Findings and Recommendation ("F&R") on both motions on October 3, 2017, recommending that the district judge certify the Rule 23 class, but not the FLSA collective, and reserve approval of the proposed Settlement Agreement until the parties remove reference to the collective. (ECF No. 67.) After this Court referred its F&R to the district judge, the parties filed a stipulated motion to dismiss Plaintiff's FLSA claim. (ECF No. 69.) Plaintiff and Peoplease also filed a joint motion to withdraw their previous motion to certify a settlement class, and moved for approval of an amended class action settlement. (ECF No. 71.)

SLP objected to the F&R arguing, in part, that "[s]ince the FLSA claim has been dismissed, there is no original jurisdiction for the remaining claims." (SLP's Opp'n to F&R at 2.) Plaintiff filed a response in which he agreed that "supplemental jurisdiction should not [be] exercised once plaintiff's FLSA claims [a]re dismissed." (Pl.'s Resp. to Opp's to F&R at 1.)

On December 7, 2017, the district judge referred the matter back to this Court for a recommendation on the parties' new filings. In response, this Court recommends that the district judge grant the parties' stipulated motion to dismiss the FLSA claim and dismiss Plaintiff's remaining claims for lack of subject matter jurisdiction.

This Court has jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331. With original jurisdiction over the federal law claim, the Court has discretion to exercise supplemental jurisdiction over Plaintiff's related state law claims. 28 U.S.C. § 1367. Plaintiff has moved to dismiss his FLSA claim because of insufficient facts in support. (ECF No. 69.) The district judge should grant that motion.

With the only federal claim dismissed, there is no remaining basis for original jurisdiction in federal court. Given the procedural stage of this case, it does not serve the interests of judicial economy or efficiency to retain supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 993-94 (9th Cir. 1991) (holding that the decision to dismiss supplemental claims under section 1367(c) is fully discretionary). To date, this Court has not issued any rulings on the merits of Plaintiff's state law claims that would raise concerns regarding duplication of effort between federal and state courts. There is also no basis to conclude that a state court remedy is unavailable to Plaintiff. Indeed, Plaintiff agrees that this Court should decline to exercise supplemental jurisdiction over his remaining claims. (Pl.'s Resp. to SLP's Obj. to F&R at 1.)

## CONCLUSION

For the reasons stated, the district judge should (i) grant the stipulated motion to dismiss Plaintiff's FLSA claim (ECF No. 69); (ii) terminate as withdrawn the original joint motion to certify the class and collective (ECF No. 53); (iii) deny as moot Plaintiff's motion to certify the class as to the claims against SLP (ECF No. 58); (iv) deny as moot the joint motion for court approval of the amended settlement agreement between Plaintiff and Peoplease (ECF No. 71); and (v) dismiss all remaining claims without prejudice for lack of subject matter jurisdiction.

//
//
//
//
//
//

PAGE 3 – FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of December, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge